# MANDELBAUM SALSBURG

**MANDELBAUM, SALSBURG, GOLD, LAZRIS & DISCENZA, P.C.**
ATTORNEYS AT LAW
FOUNDED IN 1930

# MEMO ENDORSED

**155 PROSPECT AVENUE**
WEST ORANGE, NJ 07052-4204
TEL. (973) 736-4600  -  FAX (973) 736-4670

UNION COUNTY OFFICE
75 ELIZABETH AVENUE
ELIZABETH, NJ 07206
TEL. (908) 353-6764  -  FAX (908) 353-6780

MIDDLESEX COUNTY OFFICE
317 GEORGE STREET, SUITE 440
NEW BRUNSWICK, NJ 08901
TEL. (732) 628-0900  -  FAX (732) 628-0920

MONMOUTH COUNTY OFFICE
119 MAPLE AVENUE
RED BANK, NJ 07701
TEL. (732) 933-1515  -  FAX (732) 933-5551

FLORIDA OFFICE
TEL. (772) 460-6356  -  FAX (772) 460-6357
-Mail:  rsteinberg_esq@yahoo.com

NEW YORK CITY OFFICE
90 JOHN STREET, SUITE 309
NEW YORK, NY 10038
TEL. (212) 791-7200  -  FAX (212) 791-7276

Website: www.mandelbaumsalsburg.com
E-Mail:    msaffer@msgld.com

ALL REPLIES TO:    WEST ORANGE
REFERENCE FILE #

IRVING MANDELBAUM (1906-1993)
BARRY R. MANDELBAUM
RICHARD M. SALSBURG[2]▶
AVROM J. GOLD
YALE I. LAZRIS
JOHN R. DUSINBERRE
JOSEPH J. DISCENZA+
JOSEPH A. VENA
LYNNE STROBER●
OWEN T. HUGHES[1]
GARY S. YOUNG[2]
RICHARD L. SLAVITT[2]
CHARLES S. LORBER
ARTHUR D. GROSSMAN
DEBORAH L. GREENE
ROBERT W. GLUCK
MICHAEL A. SAFFER[1]
STEVEN A. HOLT[1]
MARK F. KLUGER
WILLIAM H. HEALEY[2]
CRAIG W. ALEXANDER[1]
WILLIAM S. BARRETT[2]
DENNIS J. ALESSI[1]
STUART GOLD[1]
CHERYL H. BURSTEIN[2]
ROBIN F. LEWIS[1]
JOSEPH J. PETERS
THOMAS W. ACKERMANN[2]
SHARON T. JACOBSON
DAVID S. CARTON●
PAUL T. GREGORY[1]

- COUNSEL -
ALAN L. SUSSMAN[1]          RICKI ANNE SOKOL[1]
            DAVID A. WARD[2]

- OF COUNSEL -
RICHARD H. STEINBERG[1]          HON. ROBERT A. LONGHI (RET.)
MARK BAUMGARTEN                RICHARD I. SIMON[2]
MICHAEL SCHLESINGER          CHARLES E. BAXLEY▼
JOSEPH H. MURRAY▼              JAMES F. BAXLEY

- ASSOCIATES -
MANUEL R. GROVA, JR.          ALONA MAGIDOVA[1]
SAMUEL J. VACCHIANO          DEBORAH A. CONCEPCION
ARLA D. CAHILL[1]              ANDREA L. ALEXANDER[1]
GARY S. POPLASKI[1]          LANCE N. OLITT[1]
OWEN J. LIPNICK[1]              PETER H. TANELLA
PHILLIP G. RAY                  WHITNEY G. FISHER[1]
YANET P. NOBLE[1]              LAUREN BETTMAN GERSHENGORN
SHARMILA D. IAZZETTI[1]      AMY D. CRISCUOLO[1]
LOWELL S. KIRSCHNER[1]      CHRISTOPHER M. ERB
ANDREA S. AKIVIS[1]          DOOYONG KANG[1]

◆ FELLOW OF THE AMERICAN ACADEMY OF MATRIMONIAL LAWYERS
+ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CERTIFIED CIVIL TRIAL ATTORNEY
● CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CERTIFIED MATRIMONIAL TRIAL ATTORNEY
▶ COURT APPOINTED MEDIATOR          ▼ REGISTERED U.S. PATENT ATTORNEY
1 MEMBER OF NJ & PA BAR          5 MEMBER OF NJ, NY & CA BAR
2 MEMBER OF NJ & NY BAR          6 MEMBER OF NJ, NY & FL BAR
3 MEMBER OF NJ & NY BAR          7 MEMBER OF NJ, NY & D.C. BAR
4 MEMBER OF NJ & MA BAR          8 MEMBER OF NJ & ILL BAR

July 30, 2007

*VIA FEDERAL EXPRESS PRIORITY MAIL*

Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/07

> **Re:** **Alfred Meyers, Inc. v. D'Annunzio & Co.,** *et als.*
> **Case No. 07-cv-3254 (KMK)**
> <u>**Pre-Motion Conference Letter**</u>

Dear Judge Karas:

This office represents the defendants in the above referenced case.

Pursuant to Your Honor's Individual Practices, please accept this correspondence as defendants' request for a pre-motion telephone conference in furtherance of defendants' request to file a motion for an order (a) dismissing the complaint for improper venue and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b) or, alternatively, (b) transferring this matter to the United States District Court for the District of New Jersey, and (c) dismissing D'Annunzio & Co., LLC as a party defendant on the basis that no such entity exists and, therefore, is not a proper party to this case.

Honorable Kenneth M. Karas, U.S.D.J.
July 30, 2007
Page 2

### A.    Procedural History

A complaint in this matter was filed with the Court on April 23, 2007 (ECF #1). The complaint was served upon defendants' counsel on May 18, 2007. A Stipulation to Extend Time or Otherwise Move was entered on July 18, 2007 (ECF #4). Pursuant to the Stipulation, defendants are required to file a responsive pleading or otherwise move on or before August 3, 2007.

### B.    The Bases for Defendants' Motion

The defendants seek relief on four bases, which are only briefly summarized herein. First, defendants respectfully submit that venue in the Southern District of New York is improper and that New Jersey District Court is the proper venue. As set forth in the complaint, plaintiff filed the action in the Southern District of New York solely on the basis of diversity. Section 1391(a) of Title 28 of the United States Code provides that venue is proper in a diversity case (1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred in the district, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper. For purposes of defendants' contemplated motion, 28 U.S.C.A. §1391(a)(1) and (2) are dispositive.

Here, all of the defendants reside in New Jersey and a substantial part of the events giving rise to plaintiff's claims occurred in New Jersey. There are no facts alleged in the complaint that suggest that a substantial part of the events giving rise to plaintiff's claims occurred in New York. The only tie to New York alleged in the complaint is the fact that plaintiff's principal place of business is located in New York. See Complaint, ¶1. We respectfully submit that the residence of the plaintiff is insufficient to establish venue in the Southern District under 28 U.S.C.A. §1391(a).

By letter dated June 5, 2007, defendants' counsel requested that plaintiff withdraw its complaint on the basis of improper venue. By letter dated July 6, 2007, plaintiff's counsel refused to withdraw the complaint and contended that the Southern District is the proper venue.

Second, defendants respectfully submit that the Court lacks personal jurisdiction over the defendants under both the general and specific personal jurisdiction theories. A careful review of the complaint and accepting all allegations in the complaint as true for purposes of the contemplated motion only, fails to establish a factual basis for the Court's personal jurisdiction over defendants. See Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000).

Third, defendants' motion for alternative relief to transfer this matter to the New Jersey District Court is based upon 28 U.S.C.A. §1404(a) where a transfer is warranted "for the convenience of the parties and witnesses, in the interest of justice." Some of the factors a district court is to consider are, inter alia: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).



Honorable Kenneth M. Karas, U.S.D.J.
July 30, 2007
Page 3

Applying the foregoing factors, a transfer is appropriate in this case because defendants, their witnesses and the relevant documents are located in New Jersey. Likewise, a substantial portion of the operative facts took place in New Jersey.

Finally, defendants seek the dismissal of D'Annunzio & Co., LLC (the "LLC Entity") as a party defendant to this case because this entity does not exist and, therefore, is not a proper party to this action. By letter dated May 31, 2007, defense counsel requested that plaintiff provide any documentation that would justify plaintiff's lawsuit against the LLC Entity as well as the other defendants. To date, plaintiff has not produced any documentary evidence that demonstrates that plaintiff did business with the nonexistent LLC Entity.

By letter dated June 18, 2007, defense counsel requested that the LLC Entity be voluntarily dismissed and provided plaintiff's counsel with a copy of a computerized corporate search result from Corporation Service Company showing that the LLC Entity had been cancelled. The correct entity name is "D'Annunzio & Co., Inc." (the "Inc. Entity"), which was duly filed with the New Jersey Department of Treasury. Notably, the Inc. Entity is already a party defendant to this action, thus there is no prejudice to plaintiff in voluntarily dismissing the nonexistent LLC Entity. We note that plaintiff has an independent obligation to investigate and ascertain the true parties in interest with respect to its claims. Given that the LLC entity does not exist, it could not have transacted business with plaintiff. It is, therefore, wasteful of defendants' resources to be forced to defend claims against a nonexistent entity. Notwithstanding the foregoing, plaintiff has refused to voluntarily dismiss the LLC Entity as a party defendant.

For the foregoing reasons, defendants respectfully request a pre-motion telephone conference for the purpose of scheduling the filing of defendants' contemplated motion as described herein. Additionally, we respectfully request that the August 3, 2007 deadline by which defendants must file an answer or otherwise move be extended until such time as Your Honor has made a determination regarding defendants' request to file a motion for dismissal and/or transfer.

Thank you for your consideration.

*The Court will hold a pre-motion conference on August 16, 2007, at 11:45 A*

Respectfully submitted,

MICHAEL A. SAFFER

SO ORDERED

KENNETH M. KARAS U.S.D.J.

*8/7/07*

MAS:adc
cc:     James Schwartzman, Esq. (Via Facsimile and First Class Mail)

**MOSS & KALISH**, PLLC

COUNSELLORS AT LAW

122 EAST 42ND STREET

NEW YORK, NY 10168-0098

---

TELEPHONE. (212) 867-4488

TELECOPIER: (212) 983-5276

E-MAIL: LAWYERS@MOSSKALISH.COM

MARK L. KALISH
GARY N. MOSS
LARRY Z. LAZAR*
---
DAVID B. GELFARB*
JAMES SCHWARTZMAN

*ALSO ADMITTED IN NEW JERSEY

NASSAU OFFICE
1055 FRANKLIN AVENUE, SUITE 306
GARDEN CITY, NY 11530

---

writer's e-mail:
schwartzman@mosskalish.com

August 2, 2007

By Overnight Delivery
Honorable Kenneth M. Karas
United States District Court
500 Pearl Street-Room 920
New York, New York 10007

Re: Alfred Meyers, Inc. v. D'Annunzio & Co., et al; Case No. 07-CV-3254(KMK)

Dear Judge Karas:

We represent the plaintiff, Alfred Meyers, Inc. ("Meyers"), in the above referenced action. This letter is sent pursuant to your Individual Rules in response to defendants' request for a pre-motion telephone conference. Defendants' propose to file a motion for an order (a) of dismissal for allegedly improper venue and lack of subject matter jurisdiction or, alternatively, (b) transferring this matter to the United States District Court for the District of New Jersey, and (c) dismissing D'Annunzio & Co., LLC as a party defendant.

It is respectfully submitted that defendants fail to provide any valid basis beyond their unsubstantiated and conclusory allegations for their proposed motion. Indeed, defendants' proposed motion would be frivolous and nothing less than an attempt to delay the awarding of a judgment in favor of plaintiff.

Venue

In deciding a motion to dismiss for improper venue, "the court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d §1352 (1990 & Supp. 1999).

Here, venue in this diversity action is proper in the Southern District of New York under 28 U.S.C. § 1391(a)(2) and (a)(3). Under 28 U.S.C. § 1391(a)(2) venue is appropriate any district where "a substantial part of the events occurred . . . even if a greater part of the events occurred elsewhere." Neufeld v. Neufeld, 910 F. Supp. 977, 986 (S.D.N.Y. 1996).

The claims by plaintiff in this action arise from an oral agreement, confirmed by the defendants in writing, whereby plaintiff provided diamonds to defendants for use by defendants in jewelry to be designed,



manufactured and sold by defendants. The underlying terms of the agreement were negotiated and agreed to by the parties at a meeting attended by defendants' principal, Arthur D'Annunzio as well as by a representative of the advertising company that was to advertise the finished products on defendants' behalf, at 608 Fifth Avenue, New York, New York. As a matter of law, the negotiation and finalization of the agreement in New York City establishes that "'a substantial part of the events or omissions giving rise to the claim' occurred in the Southern District of New York." Xpressions Footwear Corp. v. Peters, 885 F Supp.630, 633 (S.D.N.Y. 1995); see also National Cathode Corp. v. Mexus Co. 855 F. Supp. 644, 647 (S.D.N.Y. 1994)(discussions at trade show in New York led to underlying contract); Irrigation Tech. Leasing Assocs. v. Superior Farming Co., 991 U.S. Dist. LEXIS 17874 (S.D.N.Y 1991)( "contract negotiations are a substantial contact for the purpose of determining venue").

Further, a significant number of the deliveries to defendants of the goods provided by plaintiff took place in New York City.  In addition, some of the subject goods, at defendants' request, were delivered by plaintiff to defendants' "setters" located in New York City. Performance of the agreement by delivery of goods to defendants in New York City renders venue proper in the Southern District of New York. See Irrigation, supra, 991 U.S. Dist. LEXIS 17874.

Defendants tendered  payments for some goods under the agreement into New York City. Defendants failure to deliver payment into New York City for the goods which are the subject of this action also renders venue proper in this district. Id . Additional contacts in New York include defendants showing plaintiff in New York City some of the finished products containing the diamonds supplied by plaintiff and the location in New York State of some of defendants' customers for the finished products.

Thus, under 28 U.S.C., §1391(a)(2), defendants have provided no basis whatsoever for dismissing this action for improper venue.

Defendants also fail to raise any factual issue as to the propriety of venue under 28 U.S.C. 1391(c). 28 U.S.C. §§ 1391(c) "provides that a defendant corporation is a resident of any judicial district "in which it is subject to personal jurisdiction at the time the action is commenced."28 U.S.C. §§ 1391(c)(1989). New York's long arm statute CPLR §302(a)(1) authorizes New York to "exercise personal jurisdiction over any non-domiciliary. .  who in person or through an agent . . . transacts any business within the state." National Cathode, supra, 855 F. Supp. at 648.

CPLR 302(a)(1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction ...so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Id. As a matter of law, defendants' presence in New York for the meeting at which the parties negotiated and agreed to the terms of the subject agreement provides the Court with personal long-arm jurisdiction over the defendants. Id.

Jurisdiction

Defendants concede in their letter that all defendants reside in New Jersey. Plaintiff, a New York corporation, resides in New York.  As the damages sought by plaintiff in its amended complaint exceed $75,000.00, subject-matter jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332(a). Personal jurisdiction under the New York "long arm" statute also exists,  as established above.

2

Transfer under 28 U.S.C. 1404(a) for Forum Non Conveniens

      In assessing whether to grant transfer of a case to a different venue under 28 U.S.C. § 1404(a) "defendant bears the burden of showing that plaintiff's choice of forum should be overturned." <u>Xpressions Footwear</u>, <u>supra</u>, 885 F Supp. at 633. The determining factors as to whether to grant transfer are: (1) where the operative facts occurred, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to sources of proof, (5) availability of process to compel attendance of unwilling witnesses, (6) plaintiff's choice of forum, (7) the forum's familiarity with governing law, and (8) trial efficiency and the interests of justice. <u>Id</u>.

      Here, the plaintiff's selection of the Southern District of New York "is entitled to considerable deference." <u>Id</u>. Other applicable factors for determining whether a transfer of forum is proper also weigh heavily in plaintiff's favor since, among others: (1) operative facts occurred in New York; (2) plaintiff's principals and witnesses are located in New York; (3) a chronic and long term medical condition of one of the principals who negotiated the agreement with the defendants inhibits him from traveling outside of New York (which is one reason why the meeting between the parties which resulted in the agreement was held in New York) and (4) records of the goods provided, demands for payment, and other records relevant to the plaintiff's claims are located in New York.

      "'The rule in this Circuit is that the plaintiff's choice of forum will not be disturbed unless the movant shows that the balance of convenience and justice weighs <u>heavily</u> in favor of transfer.'" <u>TM Claims Service v. KLM Royal Dutch Airlines</u>, 143 F. Supp.2d 402 (S.D.N.Y. 2001)(Emphasis added.).It is respectfully submitted that the defendants have not provided any factual basis for meeting their heavy burden to establish that transfer is proper, and therefore they should not be granted leave to move for a change of venue.

    Dismissal of D'Annunzio & Co., LLC As A Party

      Defendants seek dismissal of D'Annunzio & Co., LLC as a defendant. Plaintiff named that entity as a defendant since there were communications with a company identified as "D'Annunzio & Company, and a records search resulted in the listing of New Jersey companies named D'Annunzio & Co., LLC and D'Annunzio & Co., Inc. Plaintiff therefore sued both companies. Defendant avers that D'Annunzio & Co., LLC has been "cancelled" and no longer exists. Defendants' raised the issue of dismissal of D'Annunzio & Co., LLC with plaintiff in a prior telephone conversation. We informed defendants' counsel that plaintiff was prepared to dismiss that entity provided the remaining defendants agreed to liability for any claim against D'Annunzio & Co., LLC in this action. Defendants' counsel has refused to consent.

      For the foregoing reasons, plaintiff respectfully requests that the defendant's requests for a pre-motion conference and for leave to make a motion for the relief described herein be denied in all respects.

               Respectfully submitted,

               James Schwartzman

3