UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ALFRED MEYERS, INC.

                                :    Civ. No.: 07 CV 3254(RS)

                              :

               Plaintiff,   :

                              :    REPLY TO COUNTERCLAIM AND
                                  THIRD PARTY COMPLAINT

     -against-                :

D'ANNUNZIO & CO, LLC               :
D'ANNUNZIO & CO, INC.,
D'ANNUNZIO DISTRIBUTION, INC. and   :
PHILART, INC.

                              :   **TRIAL BY JURY
                                  DEMANDED**

                              :

             Defendants.
------------------------------------------x

    Plaintiff, ALFRED MEYERS, INC.("Meyers") and Third-Party

Defendant, J. KLEINHAUS & SONS, LLC, ("Kleinhaus"), by their

attorneys, Moss & Kalish, PLLC, as and for their reply to the

counterclaims and third-party complaint of defendants, D'ANNUNZIO &

CO, LLC, D'ANNUNZIO & CO, INC., D'ANNUNZIO DISTRIBUTION, INC. and

PHILART, INC.(together, "D'Annunzio"), allege as follows:

    1.    Deny knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in paragraph

1 of the counterclaim and third party complaint.

    2.    Deny knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in paragraph 2 of the counterclaim and third party complaint.

3.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the counterclaim and third party complaint.

4.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the counterclaim and third party complaint.

5.    Admit the allegations contained in paragraph 5 of the counterclaim and third party complaint.

6.    Admit the allegations contained in paragraph 6 of the counterclaim and third party complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the counterclaim and third party complaint.

8.    Admit the allegations contained in paragraph 8 of the counterclaim and third party complaint.

9.    Deny the allegations contained in paragraph 9 of the counterclaim and third party complaint.

10.    Deny the allegations contained in paragraph 10 of the counterclaim and third party complaint.

11.    Deny the allegations contained in paragraph 11 of the

counterclaim and third party complaint.

12.    Deny the allegations contained in paragraph 12 of the counterclaim and third party complaint.

13.    Deny the allegations contained in paragraph 13 of the counterclaim and third party complaint, except state that Kleinhaus and D'Annunzio and Meyers and D'Annunzio entered into an agreement at a meeting at the offices of Meyers in New York attended, upon information and belief, by Arthur Dannunzio, Dennis Meyers, Jonathan Kleinhaus, Al Kleinhaus, Harry Kleinhaus and an advertising representative on behalf of D'Annunzio.

14.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the counterclaim and third party complaint, except state that Kleinhaus and Meyers agreed to supply diamonds to D'Annunzio to be used in D'Annunzio's "Celebrations" jewelry line.

15.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the counterclaim and third party complaint.

16.    Admit the allegations contained in paragraph 16 of the counterclaim and third party complaint.

17.    Admit the allegations contained in paragraph 17 of the counterclaim and third party complaint.

18.     Admit the allegations contained in paragraph 18 of the counterclaim and third party complaint.

19.     Admit the allegations contained in paragraph 19 of the counterclaim and third party complaint, except state upon information and belief that other defendants agreed to the acts set forth therein.

20.     Deny the allegations contained in paragraph 20 of the counterclaim and third party complaint, except state that Kleinhaus and Meyers agreed to sell some diamonds to D'Annunzio and to deliver other diamonds to D'Annunzio on consignment.

21.     Deny the allegations contained in paragraph 21 of the counterclaim and third party complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the counterclaim and third party complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the counterclaim and third party complaint, except state that D'Annunzio sent purchase orders to Kleinhaus and Meyers.

24.     Deny the allegations contained in paragraph 24 of the counterclaim and third party complaint.

25.     Deny knowledge or information sufficient to form a belief as

4

to the truth or falsity of the allegations contained in paragraph 25 of the counterclaim and third party complaint.

26.    Deny the allegations contained in paragraph 26 of the counterclaim and third party complaint.

27.    Deny the allegations contained in paragraph 27 of the counterclaim and third party complaint.

28.    Deny the allegations contained in paragraph 28 of the counterclaim and third party complaint.

29.    Deny  the allegations contained in paragraph 29 of the counterclaim and third party complaint.

30.    Deny the allegations contained in paragraph 30 of the counterclaim and third party complaint.

31.    Deny  the allegations contained in paragraph 31 of the counterclaim and third party complaint.

32.    Deny the allegations contained in paragraph 32 of the counterclaim and third party complaint.

33.    Deny the allegations contained in paragraph 33 of the counterclaim and third party complaint.

34.    Deny the allegations contained in paragraph 34 of the counterclaim and third party complaint.

35.    Deny the allegations contained in paragraph 35 of the counterclaim and third party complaint.

36.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the counterclaim and third party complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the counterclaim and third party complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the counterclaim and third party complaint.

39.     Deny the allegations contained in paragraph 39 of the counterclaim and third party complaint, except deny knowledge or information sufficient to form a belief as to the allegation that from time to time Meyers authorized the sale of a consigned piece.

40.     Deny the allegations contained in paragraph 40 of the counterclaim and third party complaint.

41.     Deny the allegations contained in paragraph 41 of the counterclaim and third party complaint.

42.     Deny the allegations contained in paragraph 42 of the counterclaim and third party complaint.

43.     Deny the allegations contained in paragraph 43 of the counterclaim and third party complaint.

44.     Deny the allegations contained in paragraph 44 of the

counterclaim and third party complaint.

45.    Deny the allegations contained in paragraph 45 of the counterclaim and third party complaint.

46.    Deny the allegations contained in paragraph 46 of the counterclaim and third party complaint.

47.    Respond to the allegations contained in paragraph 47 of the counterclaim and third party complaint by repeating and realleging each and every response to the allegations contained in paragraphs 1 through 46 of the counterclaim and third party complaint as if set forth in full herein.

48.    Deny the allegations contained in paragraph 48 of the counterclaim and third party complaint, except state that Kleinhaus and DAnnunzio and Meyers and D'Annunzio entered into an agreement.

49.    Deny the allegations contained in paragraph 49 of the counterclaim and third party complaint.

50.    Deny the allegations contained in paragraph 50 of the counterclaim and third party complaint.

51.    Deny the allegations contained in paragraph 51 of the counterclaim and third party complaint.

52.    Respond to the allegations contained in paragraph 52 of the counterclaim and third party complaint by repeating and realleging each and every response to the allegations contained in paragraphs 1

through 52 of the counterclaim and third party complaint as if set forth in full herein.

53.    Deny the allegations contained in paragraph 53 of the counterclaim and third party complaint.

54.    Deny the allegations contained in paragraph 54 of the counterclaim and third party complaint.

55.    Deny the allegations contained in paragraph 55 of the counterclaim and third party complaint.

56.    Deny the allegations contained in paragraph 56 of the counterclaim and third party complaint.

#### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57.    The counterclaim and third-party complaint are the subject of another pending action.

#### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58.    The lack of personal jurisdiction over Kleinhaus.

#### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59.    D'Annunzio's claims are barred, in whole and/or in part, by lack of consideration.

#### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60.    D'Annunzio's claims are barred, in whole and/or in part, by its material breach of contract.

#### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61.        D'Annunzio's claims are barred, in whole and/or in part, by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62.        D'Annunzio's claims are barred, in whole and/or in part, by the doctrines of waiver, estoppel and/or laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63.        D'Annunzio's claims are barred, in whole and/or in part, by its failure to mitigate any damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64.        D'Annunzio's claims are barred, in whole and/or in part, by D'Annunzio's own wrongful conduct.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65.        D'Annunzio's claims are barred, in whole and/or in part, by the absence of any legal basis for the award of attorneys fees, costs and disbursements.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66.        D'Annunzio's claims are barred, in whole and/or in part, by a set off due and owing to plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

67.        D'Annunzio's claims are barred, in whole and/or in part, by D'Annunzio's breach of the covenant of good faith and fair dealing owed to the plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

68.        D'Annunzio's claims are barred in whole and/or in part by its failure to state a claim upon which relief may be granted.

### Prayer for Relief

WHEREFORE, plaintiff and third-party defendant pray that this Court:

        a.    dismiss the counterclaim and third-party complaint with prejudice;

        b.    Award plaintiff interest, legal fees, costs and expenses; and

        c.    Award plaintiffs such other and further relief as is just and proper under the circumstances.

DATED:    New York, New York
          September 12, 2007

                        MOSS & KALISH, PLLC
                        Attorneys for Plaintiff
                        122 East 42nd Street-Suite 2100
                        New York, New York 10168
                        (212) 867-4488

                        By: _____
                            James Schwartzman, Esq. (JS-6605)

# CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

REINA JAMES, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Hackensack, New Jersey.

I certify that on September 12, 2007, I served a copy of the within:

## REPLY TO COUNTERCLAIM AND THIRD PARTY COMPLAINT

TO:   MANDELBAUM, SALSBERG, P.C.
       Attorneys for Defendants
       155 PROSPECT AVENUE
       WEST ORANGE, NEW JERSEY 07052

BY OVERNIGHT DELIVERY (UPS) by depositing a true copy thereof, enclosed in a wrapper properly addressed to the address designated by said attorney for said purpose and/or the attorney's last known address, into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

_____
REINA JAMES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**CASE NO.: 07CV3254 (RS)**

ALFRED MEYERS, INC.

Plaintiff,

-against-

D'ANNUNZIO & CO, LLC and
D'ANNUNZIO & CO, INC.
D'ANNUNZIO DISTRIBUTION, INC. and
PHILART, INC.

Defendants.

------------------------------------------------------------------------X

## REPLY TO COUNTERCLAIM AND THIRD PARTY COMPLAINT

**MOSS & KALISH, PLLC**
Attorneys for Plaintiff
**Office and Post Office Address**
**122 East 42nd Street, Suite 2100**
**New York, New York 10168**
**(212)867-4488**