UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ALFRED MEYERS, INC.

                                 :   Civ. No.: 07 CV 3254(RS)

                                 :

             Plaintiff,   :

                                 :   <u>AMENDED REPLY AND ANSWER</u>
                                    <u>TO AMENDED COUNTERCLAIM</u>
                                    <u>AND THIRD PARTY COMPLAINT</u>

    -against-                  :

D'ANNUNZIO & CO, LLC               :
D'ANNUNZIO & CO, INC.,
D'ANNUNZIO DISTRIBUTION, INC. and   :
PHILART, INC.

                                :   **TRIAL BY JURY**
                                     **DEMANDED**

                                 :

             Defendants.
----------------------------------------x

     Plaintiff, ALFRED MEYERS, INC.("Meyers"), and Third-Party Defendant, J. KLEINHAUS & SONS, LLC, ("Kleinhaus"), by their attorneys, Moss & Kalish, PLLC, as and for their amended reply and answer to the amended counterclaim and third party complaint of defendants, D'ANNUNZIO & CO, INC., D'ANNUNZIO DISTRIBUTION, INC. and PHILART, INC.(all of the named defendants together, "D'Annunzio"), allege as follows:

     1.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the counterclaim and third party complaint.

2.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the counterclaim and third party complaint.

3.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the counterclaim and third party complaint.

4.     Admit the allegations contained in paragraph 4 of the counterclaim and third party complaint.

5.     Admit the allegations contained in paragraph 5 of the counterclaim and third party complaint.

6.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the counterclaim and third party complaint.

7.     Admit the allegations contained in paragraph 7 of the counterclaim and third party complaint.

8.     Deny the allegations contained in paragraph 8 of the counterclaim and third party complaint.

9.     Deny the allegations contained in paragraph 9 of the counterclaim and third party complaint.

10.     Deny the allegations contained in paragraph 10 of the counterclaim and third party complaint.

11.     Deny the allegations contained in paragraph 11 of the

counterclaim and third party complaint.

12.    Deny the allegations contained in paragraph 12 of the counterclaim and third party complaint, except state that Kleinhaus and D'Annunzio and Meyers and D'Annunzio entered into an agreement at a meeting at the offices of Meyers in New York attended, upon information and belief, by Arthur Dannunzio, Dennis Meyers, Jonathan Kleinhaus, Al Kleinhaus, Harry Kleinhaus and an advertising representative on behalf of D'Annunzio.

13.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the counterclaim and third party complaint, except state that Kleinhaus and Meyers agreed to supply diamonds to D'Annunzio to be used in D'Annunzio's "Celebrations" jewelry line.

14.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the counterclaim and third party complaint.

15.    Admit the allegations contained in paragraph 15 of the counterclaim and third party complaint.

16.    Admit the allegations contained in paragraph 16 of the counterclaim and third party complaint.

17.    Admit the allegations contained in paragraph 17 of the counterclaim and third party complaint.

18.     Admit the allegations contained in paragraph 18 of the counterclaim and third party complaint, except state upon information and belief that other defendants agreed to the acts set forth therein.

19.     Deny the allegations contained in paragraph 19 of the counterclaim and third party complaint, except state that Kleinhaus and Meyers agreed to sell some diamonds to D'Annunzio and to deliver other diamonds to D'Annunzio on consignment.

20.     Deny the allegations contained in paragraph 20 of the counterclaim and third party complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the counterclaim and third party complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the counterclaim and third party complaint, except state that D'Annunzio sent purchase orders to Kleinhaus and Meyers.

23.     Deny the allegations contained in paragraph 23 of the counterclaim and third party complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the counterclaim and third party complaint.

4

25.    Deny the allegations contained in paragraph 25 of the counterclaim and third party complaint.

26.    Deny the allegations contained in paragraph 26 of the counterclaim and third party complaint.

27.    Deny the allegations contained in paragraph 27 of the counterclaim and third party complaint.

28.   Deny  the allegations contained in paragraph 28 of the counterclaim and third party complaint.

29.    Deny the allegations contained in paragraph 29 of the counterclaim and third party complaint.

30.    Deny  the allegations contained in paragraph 30 of the counterclaim and third party complaint.

31.    Deny the allegations contained in paragraph 31 of the counterclaim and third party complaint.

32.    Deny the allegations contained in paragraph 32 of the counterclaim and third party complaint.

33.    Deny the allegations contained in paragraph 33 of the counterclaim and third party complaint.

34.    Deny the allegations contained in paragraph 34 of the counterclaim and third party complaint.

35.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the counterclaim and

third party complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the counterclaim and third party complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the counterclaim and third party complaint.

38.    Deny the allegations contained in paragraph 38 of the counterclaim and third party complaint, except deny knowledge or information sufficient to form a belief as to the allegation that from time to time Meyers authorized the sale of a consigned piece.

39.    Deny the allegations contained in paragraph 39 of the counterclaim and third party complaint.

40.    Deny the allegations contained in paragraph 40 of the counterclaim and third party complaint.

41.    Deny the allegations contained in paragraph 41 of the counterclaim and third party complaint.

42.    Deny the allegations contained in paragraph 42 of the counterclaim and third party complaint.

43.    Deny the allegations contained in paragraph 43 of the counterclaim and third party complaint.

44.    Deny the allegations contained in paragraph 44 of the

counterclaim and third party complaint.

45.   Deny the allegations contained in paragraph 45 of the counterclaim and third party complaint.

46.   Respond to the allegations contained in paragraph 46 of the counterclaim and third party complaint by repeating and realleging each and every response to the allegations contained in paragraphs 1 through 45 of the counterclaim and third party complaint as if set forth in full herein.

47.   Deny the allegations contained in paragraph 47 of the counterclaim and third party complaint, except state that Kleinhaus and DAnnunzio and Meyers and D'Annunzio entered into an agreement.

48.   Deny the allegations contained in paragraph 48 of the counterclaim and third party complaint.

49.   Deny the allegations contained in paragraph 49 of the counterclaim and third party complaint.

50.   Deny the allegations contained in paragraph 50 of the counterclaim and third party complaint.

51.    Respond to the allegations contained in paragraph 51 of the counterclaim and third party complaint by repeating and realleging each and every response to the allegations contained in paragraphs 1 through 50 of the counterclaim and third party complaint as if set forth in full herein.

52.     Deny the allegations contained in paragraph 52 of the counterclaim and third party complaint.

53.     Deny the allegations contained in paragraph 53 of the counterclaim and third party complaint.

54.     Deny the allegations contained in paragraph 54 of the counterclaim and third party complaint.

55.     Deny the allegations contained in paragraph 55 of the counterclaim and third party complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56.     The counterclaim and third party complaint are the subject of another pending action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57.     The counterclaim and third party complaint are barred, in whole and/or in part, by lack of consideration.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58.     The counterclaim and third party complaint are barred, in whole and/or in part, by its material breach of contract.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.     The counterclaim and third party complaint are barred, in whole and/or in part, by the doctrine of unclean hands.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

60.      The counterclaim and third party complaint are barred, in whole and/or in part, by the doctrines of waiver, estoppel and/or laches.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

61.      The counterclaim and third party complaint are barred, in whole and/or in part, by its failure to mitigate any damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

62.      The counterclaim and third party complaint are barred, in whole and/or in part, by D'Annunzio's own wrongful conduct.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

63.      The counterclaim and third party complaint are barred, in whole and/or in part, by the absence of any legal basis for the award of attorneys fees, costs and disbursements.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

64.      The counterclaim and third party complaint are barred, in whole and/or in part, by a set off due and owing to plaintiff.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

65.      The counterclaim and third party complaint are barred, in whole and/or in part, by D'Annunzio's breach of the covenant of good faith and fair dealing owed to the plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

66.        The counterclaim and third party complaint  are barred in whole and/or in part by the failure to state a claim upon which relief may be granted.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

67.        The counterclaim and third party complaint  are barred in whole and/or in part by the failure of D'Annunzio to timely and properly reject and return goods.

### Prayer for Relief

WHEREFORE, plaintiff and third-party defendant pray that this Court:    a.  dismiss the counterclaim and third-party complaint with prejudice;

b.  Award plaintiff interest, legal fees, costs and expenses; and

c.  Award plaintiffs such other and further relief as is just and proper under the circumstances.

DATED:  New York, New York
        November 14, 2007

                    MOSS & KALISH, PLLC
                    Attorneys for Plaintiff
                    122 East 42nd Street-Suite 2100
                    New York, New York 10168
                    (212) 867-4488

                 By:/s/ James Schwartzman
                    James Schwartzman, Esq.(JS-6605)